UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DUANE BOGGESS, | No. CV 06-1275 CBM (HC) |
| PETITIONER, | ORDER GRANTING PETITIONER'S MOTION UNDER 28 U.S.C. § 2254. |
| V. | |
| MIKE EVANS, | |
| RESPONDENT. | |

The matter before the Court is Petitioner Daniel Duane Boggess' ("Petitioner") Petition for Writ for Habeas Corpus brought pursuant to 28 U.S.C. § 2254. [Doc. No. 1.]

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2254.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Petitioner entered a no contest plea, pursuant to a plea agreement, to various offenses related to sexual activity with a minor.[1] After entering his plea

---

[1] Specifically, Petitioner pled no contest to one count of lewd and lascivious conduct with a child under the age of 14 years, violation of CAL. PENAL CODE, § 288(a); one count of oral copulation of a person under the age of 16 years by a person over the age of 21 years (§ 288a(b)(2)); one count of sodomy of a person under the age of 16

1

1  of no contest, but before sentencing, Petitioner submitted a written statement to
2  probation. The letter contained information about Petitioner's relationship with
3  the victim. (Am. Ans. at 11:1-5) [Doc. No. 18.] Prior to the sentencing hearing,
4  Petitioner also filed a statement in mitigation in which he requested that the court
5  sentence him to eight years in state prison if it did not place him on probation.[2]
6  (Am. Ans. at 11:6-8.)

On October 6, 2003, the state trial court sentenced Petitioner to state prison for an aggregate term of ten years pursuant to California's Determinate Sentencing Law ("DSL"). Under the DSL, "three terms of imprisonment are specified for most offenses." *People v. Black*, 35 Cal. 4th 1238, 1247 (Cal. 2005) ("*Black I*"), *vacated on other grounds*, 549 U.S. 1190 (2007). A court may impose a lower term, a middle term, or an upper term of imprisonment for an offense. *Cunningham v. California*, 549 U.S. 270, 277 (2007). In this case, the state trial court sentenced Petitioner to the upper term of eight years on the one count of lewd and lascivious conduct (§ 288(a)), two consecutive midterms of one year on two counts of unlawful sexual intercourse (§ 251.6(d)), and concurrent midterm sentences on the rest of the counts.

In reaching its sentencing determination on the upper term for the § 288(a) conviction, the sentencing court balanced the mitigating factors against the aggravating factors of Petitioner's case and found that the aggravating factors outweighed the mitigating factors. (Sentencing Transcript at 39-40.) The court stated that it considered the following factors to be mitigating under the California Rules of Court, 4.423: (1) that Petitioner was relatively young in age; and (2) that Petitioner had no significant history of criminal convictions. (Sentencing Transcript at 39:15-17.) The court then found the following aggravating factors

---

years by a person over the age of 21 years (§ 286(b)(2)); two counts of genital penetration by a foreign object (§ 289(i)); and five counts of unlawful sexual intercourse (§ 261.5(d)). (Petition at 1:5.)

[2] Petitioner was statutorily ineligible for probation unless the court found that the case was an unusual one. (CAL. PENAL CODE, §1203.65, subd. (b).) The court did not make such a finding. (Lodged document 9 at 37-39.)

under the California Rules of Court 4.421: (1) that the victim was particularly vulnerable "because she had been victimized before" and "was looking for a friend [and] counselor"; (2) that Petitioner took advantage of a position of trust and confidence; and (3) "despite the feeling of shame after the first incident" Petitioner continued the sexual relationship "for an additional two years." (*Id.* at 39:18-28; 40:1-15.)

As to the imposition of consecutive terms for two counts of § 251.6(d), the court based its determination on the fact that each count was a separate sex act, committed at different times, different places, and continued over the course of a two-year period. (*Id.* at 40:18-24.) The court imposed midterm sentences on the remaining seven counts, and the court directed that they be served concurrently to the other sentences imposed, for a total sentence of ten years. (*Id.* at 41:5-7.)

On October 31, 2003, Petitioner appealed his conviction and sentence to the California Court of Appeals, Third Appellate District. The court affirmed Petitioner's conviction and sentence. *People v. Boggess*, No. C045360, 2004 WL 1789636 (Cal. Ct. App. Aug. 11, 2004), *vacated by People v. Boggess*, No. C045360, 2005 WL 318773 (Cal. Ct. App. Feb. 10, 2005). Petitioner then filed a petition for rehearing in the Third District Court of Appeals, arguing that his ten year state prison sentence, comprised of the upper term on one count and consecutive terms on two other counts, violated *Blakely v. Washington*, 542 U.S. 296 (2004). The court granted the petition, vacated the decision of August 11, 2004, and ordered the filing of supplemental briefs. *People v. Boggess*, No. C045360, 2005 WL 318773 (Cal. Ct. App. Feb. 10, 2005).

After considering the supplemental briefing, the California Court of Appeals again affirmed Petitioner's conviction and sentence. *Id.* The court concluded that Petitioner's argument as to his upper-term sentence failed, holding that the basis for the court' imposition of an upper-term sentence was established by overwhelming evidence, and, therefore, did not seriously affect the fairness,

integrity, and public reputation of the judicial proceedings. The Court of Appeals rejected Petitioner's argument as to his consecutive term sentences, reasoning that the rule of *Apprendi* and *Blakely* did not apply to consecutive sentences.

Thereafter, Petitioner timely petitioned the California Supreme Court for review. *People v. Boggess*, 2005 Cal. LEXIS 4729 (Cal. Apr. 27, 2005). The California Supreme Court, at the time, had multiple cases pending that raised the same arguments presented by Petitioner. The California Supreme Court denied Petitioner review of his claims without prejudice, holding that he could be entitled to relief depending on the resolution of the cases pending at that time. In one of those cases, decided in June of 2005, the California Supreme Court held that California's determinate sentencing law did not contravene *Blakely* or the Sixth Amendment and that the imposition of consecutive sentences likewise did not violate the Sixth Amendment. *Black I*, 35 Cal. 4th at 1257-58.

Petitioner filed the instant petition in the Eastern District of California on June 12, 2006, seeking to have his sentence vacated and a reduced sentence imposed. Warden Mike Evans (hereinafter, "Respondent") filed an Answer to Petition for Writ of Habeas Corpus and a Memorandum of Points and Authorities on January 18, 2007. [Doc. No. 16.] Respondent filed an Amended Answer to Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities on January 19, 2007 (hereinafter, "Am. Ans."). [Doc. No. 18.] This case was reassigned to Judge Marshall on December 16, 2008, for all purposes.[3] [Doc. No. 23.]

## LEGAL STANDARD

An action brought by a person in custody pursuant to the judgment of a state court is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Clark v. Murphy*, 331 F.3d

---

[3] A district court judge may be designated to serve in another district within the Ninth Circuit. In this case, Judge Marshall, a judge in the Central District of California, was designated

1062, 1067 (9th Cir. 2003). 28 U.S.C. § 2254(d) mandates that an application for the writ of habeas corpus:

> "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. *Nunes v. Mueller*, 350 F.3d 1045, 1054 (9th Cir. 2003).

If the state court's decision does not meet the criteria set forth in § 2254(d)(1), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008).

1  *See also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now
2  clear both that we may not grant habeas relief simply because of § 2254(d)(1)
3  error and that, if there is such error, we must decide the habeas petition by
4  considering de novo the constitutional issues raised.").

5  The Court looks to the last reasoned state court decision as the basis for the
6  state court judgment. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If
7  the last reasoned state court decision adopts or substantially incorporates the
8  reasoning from a previous state court decision, this court may consider both
9  decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*,
10 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Here, the Supreme Court of
11 California issued a brief decision denying the petition but specifically indicating
12 that the resolution of two other pending cases may entitle Petitioner to relief. It is
13 unclear to the Court whether this decision constitutes the "last reasoned state court
14 decision," but it appears that the California Supreme Court's intent was to apply
15 the law of *Black I*, referenced by the court in its decision, to Petitioner's case.
16 Therefore, this Court will review the Supreme Court's decision with that intent in
17 mind. However, this Court will also review the decision of the California Court of
18 Appeals of February 2005, as it is possible that the Court of Appeals' decision
19 constitutes the last reasoned state court decision.

## DISCUSSION

21 Petitioner contends that the imposition of an upper term sentence on his §
22 288(a) conviction violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and
23 *Blakely v. Washington*, 542 U.S. 296 (2004), because the trial court, in deciding to
24 impose an upper term sentence, relied on facts not found by a jury beyond a
25 reasonable doubt. Second, Petitioner argues that *Apprendi* and its progeny forbid
26 the imposition of two consecutive terms for the § 215.6(d) convictions.

27 I.   *Upper Term Sentence*

a. <u>Contrary To or Unreasonable Application of Clearly Established Law</u>

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490. For this purpose, the statutory maximum is the maximum sentence that a court could impose based solely on facts reflected by a jury's verdict or admitted by the defendant. *Id.* In *Blakely*, the Supreme Court reiterated its holding in *Apprendi* that any fact, other than a prior conviction, that "increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. 296, 301 (2004) (citing *Apprendi*, 530 U.S. at 525). The *Blakely* holding clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303. Thus, *Apprendi* and *Blakely* stand for the proposition that a sentencing scheme in which the maximum possible sentence is imposed based upon facts found by a judge is inconsistent with the Sixth Amendment. *Butler v. Curry*, 528 F.3d 624, 635 (9th Cir. 2008).

In 2007, the Supreme Court addressed the impact of *Apprendi* and *Blakely* on California's determinate sentencing law (DSL). *Cunningham v. California*, 549 U.S. 270 (2007). The Supreme Court held that the "statutory maximum" term under the law was the middle term, as the law mandated that the sentencing court should impose a middle term unless an aggravating circumstance was found. *Cunningham*, 549 U.S. at 288 (2007) (citing *Blakely*, 542 U.S. at 303). The Supreme Court further held that "[b]ecause the DSL allocates to judges sole authority to find facts [by a preponderance of the evidence] permitting the imposition of an upper term sentence, the system violates the Sixth Amendment." *Id.* at 293. Following *Cunningham*, the Supreme Court of California held that a

trial court may lawfully, in imposing an upper term sentence, rely on facts that have not been found by a jury as long as those "facts [] have been established consistently with Sixth Amendment principles." *People v. Black*, 41 Cal.4th 799, 813 (2007) ("*Black II*"). Thus, an upper term sentence under California's DSL does not violate *Apprendi* and its progeny if the finding of the facts supporting the aggravating circumstance comports with the Sixth Amendment. In the absence of a jury finding a fact beyond a reasonable doubt, the Supreme Court has held that a fact can be established consistently with Sixth Amendment principles if it is (1) the fact of a prior conviction, or (2) an admission. *Blakely*, 542 U.S. at 301-03. Finally, the rule in *Cunningham* may be applied retroactively on collateral review. *Butler*, 528 F.3d at 639 (9th Cir. 2008).

The Supreme Court of California's reasoning in rejecting Petitioner's claim is contrary to clearly established federal law – namely, *Apprendi* and *Blakely*. The Supreme Court of California in *Black I* held that California's sentencing scheme providing for the imposition of an upper term sentence did not violate the constitutional principles set forth in *Apprendi* and *Blakely*. However, the United States Supreme Court has held that *Apprendi* and *Blakely* mandate the conclusion that California's sentencing scheme, the DSL, is unconstitutional. *Cunningham*, 549 U.S at 293. Finally, although *Cunningham* was decided after *Black I*, the Ninth Circuit held that *Cunningham* did not announce a new rule, but rather, the result flows from *Apprendi* and *Blakely*. *Butler*, 528 F.3d at 639. Accordingly, the Supreme Court's decision in this case, indicating that *Black I* would affect Petitioner's entitlement to relief, is contrary to clearly established federal law.

Turning next to the decision rendered by the Court of Appeals, this Court concludes that the reasoning of the Court of Appeals is an unreasonable application of *Apprendi* and *Blakely*. The state appellate court reasoned that "overwhelming evidence" supported an aggravating factor allowing the imposition of a sentence above the statutory maximum. This "overwhelming evidence"

constituted of evidence that was only presented to a judge and found by a preponderance of the evidence. This holding unreasonably applies *Apprendi* and *Blakely*'s rule that only (1) the fact of prior conviction; (2) facts found by the jury, and (3) admissions by the defendant can support an above-the-statutory-maximum sentence.

### b. De novo review

After determining that a habeas petitioner has established that the state court's reasoning is contrary to or an unreasonable application of clearly established federal law, see 28 U.S.C. § 2254(d)(1), a Court must review the claim *de novo*. A constitutional violation results where each aggravating factor relied on by the trial court was not established consistently with the Sixth Amendment. *Butler*, 528 F.3d at 643.

In this case, the trial judge imposed a sentence above the statutory maximum based on facts that did not comport with the Sixth Amendment, and therefore the Court concludes that a constitutional violation has occurred. The trial court cited three aggravating factors in imposing an upper term sentence: (1) that the victim was particularly vulnerable "because she had been victimized before" and "was looking for a friend [and] counselor"; (2) that Petitioner took advantage of a position of trust and confidence because he was friends with the victim; and (3) that the duration of the sexual relationship was prolonged. These facts were not facts of a prior conviction, found by the jury, or admitted by the defendant. Courts have held that a defendant admits to facts, for purposes of the Sixth Amendment, when he includes the facts in a plea agreement, stipulates to them in Court, or explicitly waives the right to have a jury determine the facts. *See United States v. Smith*, 405 F.3d 726, 727 (9th Cir. 2005) (holding that a defendant's statements in a plea transcript constitute admissions for purposes of *Apprendi*); *Sullivan v. Evans*, No. CIV S-09-1326, 2010 WL 4905241 (E.D. Cal. Nov. 24, 2010) (rejecting *Apprendi* claim where the defendant had stipulated in

court to have the judge rely on facts included in, *inter alia*, a probation report). The factual basis that Petitioner admitted at his change of plea hearing did not include any of the facts relied on by the sentencing judge in imposing the upper term on Count I in this case. Furthermore, neither Party argues that the plea agreement contains the facts relied on by the sentencing judge. Finally, a review of the sentencing transcript indicates that Petitioner did not enter a waiver of his right to have a jury find the facts that the trial court relied on in imposing an upper-term sentence. Thus, none of the aggravating factors relied upon by the trial court were established consistently with Sixth Amendment principles.

### c. Harmless Error

*Apprendi* sentencing errors are subject to the harmless error analysis. *Butler v. Curry*, 528 F.3d 624, 648 (2008) (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)). The Court must determine whether "the error had a substantial and injurious effect" on Petitioner's sentence. *Id.* at 562 (citation omitted). If "a jury would have found the relevant aggravating factors beyond a reasonable doubt," there is no substantial and injurious effect. *Id.* at 648 (citation omitted). The Court must grant relief if it is in "grave doubt" as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt. *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). Grave doubt exists when, "in the judge's mind, the matter is so evenly balanced that [s]he feels h[er]self in virtual equipoise as to the harmlessness of the error." *Id.* at 435.

A sentencing court need only find one aggravating factor in order to impose an upper term sentence. *Butler*, 528 F.3d at 642 (citations omitted). "Any *Apprendi* error therefore will be harmless if it is not prejudicial as to just one of the aggravating factors at issue." *Id.* at 648. Furthermore, "in conducting harmless error review of an *Apprendi* violation, [the court] may consider evidence presented at sentencing proceedings . . . [b]ut [courts] do not consider new admissions made at sentencing . . . ." *Id.* (internal quotation marks and citation omitted).

The error in this case is not harmless because all three of the aggravating factors found by the judge in imposing the sentence were found in violation of Petitioner's Sixth Amendment rights. The evidence that the judge relied on is a probation report, which the government argues constitutes admissions by Petitioner. However, as the Ninth Circuit instructs in *Butler*, "admissions at sentencing" cannot be considered when conducting the harmless error inquiry of an *Apprendi* error. *Id.*

Furthermore, on this record, the Court finds that the *Apprendi* error had a "substantial and injurious effect" on Petitioner's sentencing. The record contains argument from Petitioner's counsel relating to the victim's initiation of a sexual relationship with Petitioner (Sentencing Transcript at 33), which may bears on the aggravating factors found by the trial judge that the victim was particularly vulnerable because she was looking for a friend or counselor and that Petitioner abused a position of trust. Furthermore, the record contains evidence of separate instances of sexual activity between Petitioner and the victim, but does not establish a long-term ongoing sexual relationship, as the trial court found as an aggravating factor. The Court therefore finds that it cannot say that the jury would have found the aggravating factors beyond a reasonable doubt if presented with the evidence.

Furthermore, the evidence relied upon, the probation report, is not obtained with procedural safeguards such that the Court could conclude that it contains information that the jury would have found beyond a reasonable doubt. "If a defendant faces punishment beyond that provided by statute . . . it necessarily follows that the defendant should not . . . be deprived of protections that have, until that point, unquestionably attached." *Apprendi*, 530 U.S. at 484. The practice of relying on the fact of a prior conviction does not raise constitutional concerns because a defendant received procedural safeguards during the criminal proceedings leading to the prior conviction. *Id.* at 488 (holding that Sixth

Amendment concerns were relieved by "the certainty that procedural safeguards attached to any 'fact' of prior conviction"). Similarly, admissions during a change of plea hearing do not raise constitutional concerns because they are accompanied by procedural safeguards. *See Fed. R. Crim. P. 11.* Neither of these situations is present here.

But for the *Apprendi* error, the judge could only have imposed a mid-term sentence on this count, which was six years at the time of his sentencing. The sentencing court also imposed two one-year sentences to run consecutively to Petitioner's sentence on Count I, and imposed a number of sentences to run concurrently to all other sentences. In total, the trial court imposed a ten year sentence. However, if the mid-term was imposed on this count, Petitioner's maximum sentence should have been eight years total for all counts. The Court therefore finds that the sentencing error in this case had a "substantial and injurious effect" on Petitioner's sentence.

## II. Consecutive Terms

The Supreme Court held that the practice of a judge determining whether sentences for discrete offenses should be imposed consecutively or concurrently does not violate the Sixth Amendment as interpreted in *Apprendi* and *Blakely*. *Oregon v. Ice*, 129 S. Ct. 711, 714-15 (2009). Thus, the state court's decision to deny Petitioner's argument on this issue is not contrary to or an unreasonable application of clearly established federal law.

## CONCLUSION

For the reasons provided above, the Petition for Writ of Habeas Corpus is DENIED as to Petitioner's claim that the imposition of consecutive sentences violates his constitutional rights and GRANTED as to Petitioner's claim that the imposition of his upper-term sentence violates his constitutional rights. It is further ORDERED that Respondent shall treat Petitioner's total SENTENCE as an eight-year SENTENCE, unless within 30 days of this order, Petitioner is

resentenced in compliance with *Apprendi*, *Blakely*, and *Cunningham*.

**IT IS SO ORDERED.**

DATED: June 20, 2011    By: *[signature]*
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE