UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DUANE BOGGESS,<br><br>PETITIONER,<br><br>V.<br><br>MIKE EVANS,<br><br>RESPONDENT. | No. CV 06-1275 CBM (HC)<br><br>ORDER DENYING PETITIONER'S "MOTION REQUESTING REVIEW OF JULY 28, 2011 RESENTENCE" |

The matter before this Court is Petitioner Daniel Duane Boggess' ("Petitioner") Motion Requesting Review of July 28, 2011 Resentence ("Motion"). [Docket No. 35.] The Court **DENIES** the Motion for lack of subject matter jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

The lengthy factual and procedural history of this matter is more fully summarized in this Court's prior Order of June 20, 2011 and will not be repeated herein except as necessary to clarify the discussion and ruling. In 2003, Petitioner entered a no contest plea, pursuant to a plea agreement, to various offenses related

1  to sexual activity with a minor.[1]  On October 6, 2003, the state trial court
2  sentenced Petitioner to state prison for the upper term of ten years pursuant to
3  California's Determinate Sentencing Law ("DSL").
4       Following various appeals, and after Petitioner exhausted the remedies
5  available to him through the California state courts, Petitioner filed a Petition for
6  Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in the
7  Eastern District of California on June 12, 2006, seeking to have his sentence
8  vacated and a reduced sentence imposed.  This Court granted in part and denied in
9  part the Petition, holding that the imposition of an upper-term sentence violated
10 Petitioner's constitutional rights but that the imposition of consecutive sentences
11 did not violate Petitioner's constitutional rights.  This Court further ordered
12 Respondent to treat Petitioner's total sentence as a middle-term eight-year
13 sentence, unless within 30 days of the June 20 Order, Petitioner was resentenced
14 in compliance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny,
15 including *Cunningham v. California*, 549 U.S. 270 (2007).
16      Petitioner appeared in California Superior Court on July 20, 2011 for
17 resentencing, thirty days after the June 20 Order.  (Response to Petitioner's
18 Motion ("Opposition"), Ex. 4, Docket No. 37-4).  At the July 20, 2011
19 resentencing, the presiding judge appointed counsel from the Public Defender's
20 Office to represent Petitioner and noted that "what I have to do is contact the
21 presiding judge and see . . .where does she want to assign [the resentencing
22 proceeding]." (Opposition, Ex. 4 at 1:15-18.)  The presiding judge further noted
23 that he needed time to familiarize himself with the file and reset Petitioner's
24 resentencing for August 3, 2011.  (*Id*. at 2:1-4.)  No objections were raised to the
25 rescheduled resentencing date.

---

[1] Specifically, Petitioner pled no contest to one count of lewd and lascivious conduct with a child under the age of 14 years, violation of CAL. PENAL CODE, § 288(a); one count of oral copulation of a person under the age of 16 years by a person over the age of 21 years (§ 288a(b)(2)); one count of sodomy of a person under the age of 16 years by a person over the age of 21 years (§ 286(b)(2)); two counts of genital penetration by a foreign object (§ 289(i)); and five counts of unlawful sexual intercourse (§ 261.5(d)).  (Petition at 1:5.)

1    On July 21, 2011, Petitioner filed a "Notice of Failure to Comply with
2  Senior Judge Consuelo B. Marshall's 6/20/11 Order" which stated that this
3  Court's thirty-day resentencing deadline had passed without resentencing.
4  [Docket No. 31.]  Following filing of the "Notice," a resentencing hearing for
5  Petitioner was set for July 28, 2011.  (Opposition, Ex. 6 at 6.)  The presiding
6  judge, the same judge who presided over the July 20, 2011 hearing, noted that he
7  was unaware of this Court's June 20 Order until Petitioner filed his "Notice".  (*Id*.
8  at 4:5-8.)  Proceeding over Petitioner's counsel's objection that the Petitioner
9  should be sentenced to an eight year term because this Court's thirty-day
10 resentencing deadline had passed, Petitioner was resentenced to a ten-year term on
11 July 28, 2012.  (*Id*. at 8:1-6, 21.)
12   Petitioner then filed the instant Motion "requesting review" of the July 28
13 resentencing.

## DISCUSSION

15   Petitioner asks the Court to "review the sentencing court's 7/28/11
16 resentence to assure that it is in compliance with the 6/20/11 Order Granting
17 Petitioner's Motion . . . .because Petitioner was again sentenced to the upper-term
18 on count one [and] . . . .Furthermore, the sentencing court failed to do so within
19 the 30 days required by the [June 20 Order]."  (Motion at 1.)
20   Respondent argues that Petitioner's resentencing complied with *Apprendi v.*
21 *New Jersey*, 530 U.S. 466 (2000) and its progeny.  (Opposition at 1:20-2:10.)
22 Respondent further argues that the California Supreme Court fashioned a judicial
23 remedy in *People v. Sandoval,* 161 P.3d 1146 (Cal. 2007), that applies to all future
24 resentencing proceedings and cures the constitutional defects in California's
25 sentencing regime originally identified in the *Cunningham v. California*, 549 U.S.
26 270 (2007). (Opposition at 5.)  Respondent also argues that it made a good faith
27 effort to comply with the thirty-day time limitation in this Court's June 20 Order
28 and that Petitioner either consented to or waived any violation of the June 20

1  Order.  (Opposition at 2:15-3:5, 4:3-18.)

2  Neither party addresses the Court's jurisdiction to consider the Motion. However, if the Court determines at any time that it lacks subject matter jurisdiction then it must dismiss.  *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  Upon consideration, the Court determines that it lacks jurisdiction to consider the Motion.

First, "[w]hen a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996); *see also* 16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 3933.1 (2d ed. 1987) ("[Remand] concludes all proceedings in the federal court.")  While this general rule does not entirely circumscribe the present case, involving what might be described as a conditional remand, caselaw suggests that this Court retains no jurisdiction to enforce any conditions concerning issues remanded to state court.  *See, e.g., In re C & M Properties, L.L.C.*, 563 F.3d 1156, 1162 (10th Cir. 2009) ("Any district court order putatively deciding *any* aspect of a claim remanded to state court is but an advisory opinion" (emphasis added)).  The Court lacks jurisdiction to enforce the thirty-day time limitation in its June 20 Order because doing so would disturb the resentencing, a matter remanded to the state court's authority.[2]

Second, any legal error in the resentencing itself must first be brought to the state courts' attention.  "If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial,

---

[2] This is so particularly because it now appears that the Court's June 20 Order should have been limited to remand to state trial court for resentencing rather than a conditional order to either treat Petitioner's total sentence as a middle-term eight-year sentence or resentence within thirty days. *See Chioino v. Kernan*, 581 F.3d 1182, 1186 (9th Cir. 2009) ("[o]nce it found a *Cunningham* violation, the district court should have remanded to the state trial court for resentencing instead of ordering the state trial court to reduce the sentence [to the middle term] in accordance with the district court's order.").

4

appellate, or habeas proceedings, as state law may require—procedural default will bar federal review." *Magwood v. Patterson*, 130 S. Ct. 2788, 2801 (2010). Here the Petitioner challenges a new sentence, but "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Magwood*, 130 S. Ct. at 2801 ("A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error.") Before this Court, or any federal court, may review Petitioner's challenge to his resentencing, regardless of whether Petitioner's challenge is substantively similar to his initial Petition, Petitioner must first exhaust the remedies available to him in California state court. *Cf. Magwood*, 130 S. Ct. at 2798-2800.

If this Court had jurisdiction, it would find that the state court complied with the June 20 Order. It appears that Petitioner's resentence adhered to the *Sandoval* procedure, curing the original failure to comply with *Apprendi*, *Blakely*, and *Cunningham*. *See People v. Sandoval*, 161 P.3d 1146, 1157 (Cal. 2007). The *Sandoval* resentencing procedure "afford[s] the trial court 'broad discretion' in selecting among the three terms specified by statute for the offense, subject to the requirements that the court consider the aggravating and mitigating circumstances as set out in statutes and rules and that reasons be stated for the choice of sentence." *People v. Sandoval*, 161 P.3d 1146, 1158 (Cal. 2007). At Petitioner's resentencing on July 28, 2011, Judge Douglas Phimister noted the requirements of the *Sandoval* resentencing procedure, considered various aggravating and mitigating circumstances, and explained his resentencing decision. (July 28, 2011 Transcript at 13:3-18:1, Docket No. 37-6.) Indeed, Petitioner's counsel conceded that "I'm not disagreeing with the Court's interpretation of the law as it exists

today . . . .the Court could impose the upper term in the manner as indicated." (*Id.* at 19:7-10.)  It thus appears that Petitioner's resentencing remedied the constitutional violations identified in the Court's June 20 Order.

## CONCLUSION

For the reasons provided above, Petitioner's "Motion requesting review of 7/26/11 resentence" is **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 6, 2012

By:  /s/ Consuelo B. Marshall
_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE